

FILED
OCT 0 8 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRANT ANDERSON, JR.,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 19-02502 (UNA)

## MEMORANDUM OPINION

The Superior Court of the District of Columbia denied the petitioner's petition for a writ of habeas corpus in 2017 on the ground that he was not in custody at that time. Pet. at 2. The petitioner attempted to file an appeal, but the "clerks [of the District of Columbia Court of Appeals] were ordered not to accept any filing from petitioner due to a life-time injunction [.]" Pet. at 2. The petitioner claims that he has "no available remedy to challeng[e]" his Superior Court conviction "save this Court," *id.* at 2, and he petitions for a writ of error coram nobis.

"A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (citation omitted). The Court may grant coram nobis relief only in "extraordinary cases" where it is necessary "to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted). Coram nobis may be used to redress "fundamental error[s]" in

criminal proceedings, such as violations of the Sixth Amendment right to counsel. *Id.* (citing *United States v. Morgan*, 346 U.S. 502, 507, 513 (1954)).

"[C]oram nobis is not '' free pass for attacking criminal judgments long after they have become final.'" *United States v. Faison*, 956 F. Supp. 2d 267, 270 (D.D.C. 2013) (quoting *United States v. Riedl*, 496 F.3d 1003, 1004 (9th Cir. 2007)). The errors the petitioner identifies, such as the lack of a seal on the criminal complaint, do not appear to be matters of a "fundamental character" rendering his Superior Court conviction unlawful. Even if the petitioner had made the requisite showing for such extraordinary relief, *see United States v. Hamid*, 531 A.2d 628, 634 (D.C. 1987) (citing *Morgan*, 346 U.S. at 512), this Court lacks jurisdiction to grant the writ, *see Stoller v. United States*, 216 F. Supp. 3d 171, 175 (D.D.C. 2016) ("If the conviction at issue is the result of a *state court* judgment, as it is here, a *federal district* court lacks subject matter jurisdiction."), *aff'd*, 697 F. App'x 10 (D.C. Cir. 2017).

The Court will grant the petitioner's application to proceed *in forma pauperis* and deny the petition for a writ of error coram nobis. An Order accompanies this Memorandum Opinion.

DATE: Oct 7, 2019

CHRISTOPHER R. COOPER
United States District Judge